## Bain *v.* Hendee, Appellant.

*Appeals—Correction of record—Evidence—Act of May 11, 1911, P. L. 278.*

1. In cases where it is sought to correct the stenographer's transcript of the evidence, and the proceedings outlined by the Act of May 11, 1911, P. L. 278, were not followed, the reasons for such failure should be stated in any application for corrections which may subsequently be made to the trial court, and that tribunal should be petitioned, before the record is removed to an appellate court.

2. If the alleged errors are not discovered until after the record is so removed, then an application to the appellate court must aver the proper reasons, and it must be accompanied by a certificate from the trial judge that the petition has been read by him, and he desires an opportunity to consider the matters averred therein, otherwise such petition will not be considered by the appellate court.

3. If no certificate accompanies the application, but subsequently the trial judge certifies that he desires an opportunity to consider the matter, and joins in the application that the record be remitted for the purpose of correction, the appellate court will remit the record "for the purpose of correction, if the court below should find that an error has been made."

Appeal No. 355, Jan. T., 1925, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1924, No. 4626, in case of Milton J. Bain v. Ralph W. Hendee.

Petition for order to remit record for correction.

*Francis Chapman* and *Owen J. Roberts,* for appellant.

*Wm. Charles Brown,* for appellee.

PER CURIAM, November 25, 1925:

This case was tried April 2, 1925; on April 7, 1925, the official stenographer lodged a transcript of his notes of testimony with the clerk of the court and sent notice of that fact to counsel for plaintiff and defendant; the notice stating that, unless objections were made thereto within fifteen days, the transcript would be certified, filed and become part of the record in the case. No objections were made, and in due time the transcript was approved by the trial judge and certified by the stenographer; it was directed to be filed as required by section 4 of the Act of May 11, 1911, P. L. 279, and sections 4 and 5 of the Act of May 1, 1907, P. L. 135.

Counsel for the appellee now alleges, in a petition to this court asking that the record be returned to the court below for the purpose of correction, that the stenographer's transcript is incorrect in that a part of the answer made by plaintiff to a certain question propounded to him is given as "I saw at the same time it wouldn't be safe for me," whereas the last clause should read, "it would be safe for me." He also avers that he consulted the stenographer, who referred to his original notes and found that the transcript was incorrect in the above-stated particular. The date of this consultation is not given. Counsel for appellant answers that the reply to the question is correctly given in the transcript, and avers ignorance of any consultation between the official stenographer and opposing counsel.

The appeal was taken June 16, 1925, the record sent to us June 25, 1925, and the assignments of error were filed October 28, 1925, but appellee did not present his petition to this court until November 9, 1925, two weeks before the return day of the writ.

Section 4 of the Act of May 11, 1911, P. L. 279, provides that objections to the transcript shall be presented within fifteen days after notice that the latter has been filed; the statute contains provisions for the disposition of objections so made, and it is provided therein that, "if no objections be made......said transcript shall be duly certified......shall be filed of record in the case, and shall be treated as official and part of said record for the purposes of review upon appeal." Since no objections were made in the court below and the transcript was duly certified and filed, we must take it as at least prima facie correct.

In cases where the procedure outlined by the statute is not followed, the reasons for such failure should be stated in any application for corrections which may subsequently be made to the trial court, and that tribunal should be petitioned before the record is removed to an appellate court; but, if the alleged errors are not discovered until after the record is so removed, then an application to the appellate court must aver reasons as above stated, and it must be accompanied by a certificate from the trial judge that the petition has been read by him and he desires an opportunity to consider the matters averred therein, else such a petition will not be considered by the appellate court.

The instant petition is refused without prejudice to proceed as above stated; and argument of the pending appeal is continued, with leave to move to advance.*

---

* After the above disposition of the application to remit the record for correction, counsel for appellee presented the petition to the judge who presided at the trial in the court below, who certified thereon that he desired "an opportunity to consider the matters averred therein," and he "joined in the application that the record be remitted for purpose of correction"; whereupon the Supreme Court ordered the record remitted "for the purpose of correction, if the court below should find that an error has been made."